ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| JEAN ESCOBAR ALLENDE<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrida | KLRA202500040 | *Revisión Judicial,* procedente de la Junta de Libertad Bajo Palabra<br><br>Caso Núm.: 148781<br><br>Sobre:<br>No Concesión del Privilegio de Libertad Bajo Palabra |
|---|---|---|

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 25 de febrero de 2025.

Comparece Jean Escobar Allende ("señor Escobar" o "recurrente"), por derecho propio, mediante *Revisión Judicial* y nos solicita que revoquemos la *Resolución* emitida el 16 de octubre de 2024 y notificada el 13 de noviembre de 2024, por la Junta de Libertad Bajo Palabra ("JLBP" o "recurrida"). Mediante el referido dictamen, la JLBP denegó el privilegio de libertad bajo palabra solicitado por el recurrente, por no haber completado el tratamiento contra el uso de narcóticos requerido.

Por los fundamentos que expondremos a continuación, se *Desestima* el recurso, por falta de jurisdicción, por tardío.

**I.**

El señor Escobar cumple una sentencia por tentativa al Art. 406 e infracción al Art. 404 de la Ley Núm. 4 de 23 de junio de 1971, según enmendada, conocida como "*Ley de Sustancias Controladas de Puerto Rico*", 24 LPRA secs. 2404 y 2406.

Tras evaluar los documentos referidos por el Departamento de Corrección y Rehabilitación ("DCR"), la JLBP dictaminó no conceder el privilegio de libertad bajo palabra al señor Escobar, mediante *Resolución*

Número Identificador
SEN2025_____

emitida el 16 de octubre de 2024 y notificada el 13 de noviembre de 2024. En lo aquí pertinente, la JLBP determinó lo siguiente:

> 5. El peticionario por su historial social debe ser referido a tratamiento contra el uso de narcótico. Conforme a la información que surgió en la vista de consideración, el peticionario comenzó a tomar tratamiento contra el uso de narcóticos en la Institución Penal Campamento Zarzal de Río Grande del [DCR], pero por haber sido trasladado de institución penal, no pudo completar.[1]

La JLBP concluyó que el recurrente no cualificaba para beneficiarse del privilegio de libertad bajo palabra. Asimismo, la JLBP puntualizó que volvería a considerar el caso en septiembre de 2025.

Inconforme, el 16 de enero de 2025, el señor Escobar acudió ante esta Curia, mediante *Revisión Judicial.* En síntesis, el recurrente sostiene que es acreedor del privilegio de libertad bajo palabra debido a que la razón por la cual no logró culminar su tratamiento no es imputable a él, sino al DCR, ya que fue trasladado de la institución en donde se encontraba.

El 27 de enero de 2025, emitimos una *Resolución,* mediante la cual le concedimos al señor Escobar un término de diez (10) días para presentar evidencia de la reconsideración, presuntamente, solicitada ante la JLBP, con la intención de auscultar nuestra jurisdicción para atender el recurso de epígrafe.

Así las cosas, el 11 de febrero de 2025, el recurrente compareció ante nos y alegó haber evidenciado la presentación de la solicitud de reconsideración mediante una moción dirigida a este foro apelativo intermedio. Examinado el expediente, a la luz del derecho aplicable, disponemos del recurso.

**II.**

**-A-**

En reiteradas ocasiones nuestra Máxima Curia ha manifestado que la jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. Conforme a ello, en toda

---

[1] Véase, Apéndice de la Parte Recurrente, pág. 1 (*Resolución*).

situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional. Esto debido a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. Así, nuestro Tribunal Supremo ha reafirmado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo que los asuntos relacionados con esta son privilegiados y deben atenderse de manera preferente. (Citas omitidas). *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 267-268 (2018).

Como es sabido, es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por estas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Ruiz Camilo v. Trafon Group, Inc., supra,* pág. 268; *Shell v. Srio. Hacienda,* 187 DPR 109, 123 (2012).

Por consiguiente, si un tribunal, luego de realizado el análisis, entiende que no tiene jurisdicción sobre un recurso, sólo tiene autoridad para así declararlo. De hacer dicha determinación de carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos. Lo anterior, basado en la premisa de que, si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultravires.* *Cordero et al. v. ARPe et al.,* 187 DPR 445, 447 (2012).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83., confiere facultad a este Tribunal, por iniciativa propia o a petición de parte, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

**-B-**

La presentación prematura o tardía de un recurso priva de jurisdicción al tribunal al cual se recurre. *Pueblo v. Rivera Ortiz,* 209 DPR

402, 415 (2022). Lo determinante para concluir si un recurso es prematuro o tardío es su fecha de presentación. *Íd.*

Atinente a la presentación de los recursos de revisión, nuestro Reglamento dispone que el escrito de revisión deberá ser presentado dentro del término jurisdiccional de treinta (30) días, contados a partir del archivo en autos de la copia de la notificación de la orden o resolución final recurrida. 4 LPRA Ap. XXII-B, R. 57.

En reiteradas ocasiones, el Tribunal Supremo ha manifestado que las normas sobre el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *García Ramis v. Serrallés*, 171 DPR 250 (2007), *Arriaga v. F.S.E.*, 145 DPR 122 (1998). Sobre el particular, nuestro más Alta Furia ha expresado:

> El apelante tiene, por lo tanto, la obligación de perfeccionar su recurso según lo exige la ley y el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. Si no se perfecciona un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado. *Morán v. Marti*, 165 DPR 356, 367 (2005).

Los asuntos jurisdiccionales son privilegiados y deben cumplirse estrictamente porque, de lo contrario, el tribunal revisor no tendrá jurisdicción sobre el asunto y desestimará la reclamación sin entrar en los méritos de la controversia. *R&B Power, Inc. v. Junta de Subastas de la ASG PR*, 2024 TSPR 24, resuelto el 14 de marzo de 2024.

**III.**

El señor Escobar Allende compareció ante esta Curia el 16 de enero de 2025 y solicitó la revisión de la *Resolución* emitida el 16 de octubre de 2024 y notificada el 13 de noviembre de 2024, por la JLBP. En el escrito de revisión, el recurrente adujo haber solicitado la reconsideración de la referida *Resolución*, el 18 de diciembre de 2024. Sin embargo, no incluyó en el apéndice copia de la misma.

Como corolario, le concedimos un término al señor Escobar para evidenciar el contenido y presentación de la solicitud de reconsideración.

El 11 de febrero de 2025, el recurrente compareció y alegó haber instado ante nos una "moción informativa", mediante la cual presentó la reconsideración solicitada a la JLBP. Cabe destacar que, el señor Escobar no señaló la fecha de presentación de la referida moción.

Ante tal alegación, esta Curia procedió a investigar lo alegado por el recurrente, referente a la moción informativa. No obstante, no obra en el expediente copia de la presunta moción. Así dispuesto, no tenemos manera de constatar si el señor Escobar, oportunamente, interrumpió el término para solicitar la revisión de la *Resolución* notificada el 13 de noviembre de 2024, por la JLBP.

Resulta menester destacar que, mediante el dictamen recurrido, la JLBP le advirtió al recurrente que tendría un término de treinta (30) días para acudir ante este Tribunal de Apelaciones, contados a partir de la fecha de su archivo en autos. Dicho término no fue interrumpido por una solicitud de reconsideración y, por ende, venció el 13 de diciembre de 2024. Por todo lo cual, carecemos de jurisdicción para atender el recurso, por su presentación tardía.

**IV.**

Por los fundamentos que anteceden, se *Desestima* el recurso, por falta de jurisdicción, por tardío.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones